UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CASSADAY,

    Petitioner,

v.

BOB MENDHAM,

    Respondent.

Case No. 23-cv-403
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE [1]**

Kevin Cassaday, who is currently confined at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1; ECF No. 8, PageID.26.) Cassaday has also filed an application to proceed without prepaying the filing fee, a motion to amend the petition, and a number of other motions. (*See* ECF Nos. 2, 5, 7–10.)

For the reasons that follow, the Court will grant the application to proceed without prepaying the filing fee, dismiss the petition (as amended) without prejudice, and deny the other motions as moot.[1]

---

[1] For Cassaday's sake, the Court will briefly address his objection to Judge Jane M. Beckering's order of recusal. (ECF No. 7 (objecting to ECF No. 4).) He was apparently concerned that a judge in the Western District of Michigan would oversee the case's reassignment and "appoint a 'buddy'" with similar conflicts. (*Id.* at PageID.22.) Cassaday misunderstands the recusal procedure used here. (*Id.*) Sixth Circuit Chief Judge Jeffrey S. Sutton actually oversaw the reassignment of this case. (ECF No. 6.) Nothing in the objection suggests that Judge Sutton's impartiality could reasonably be questioned; in fact, Cassaday asked the Sixth Circuit to intervene. (ECF No. 7, PageID.23.) So any concerns he had should be laid to rest.

## I.

Cassaday filed an application to proceed without prepaying the filing fee. (ECF No. 2.) His submission does not strictly comply with the requirements of 28 U.S.C. § 1915(a)(2). But "based on the motion and the Court's familiarity with [Cassaday's] financial circumstance from the dozens of civil actions he has commenced in the last [two] year[s]," as well as his present circumstances, it reasonably appears that paying the cost of the filing fee would impose an undue financial hardship on him. *See Cassaday v. Woods*, No. 1:22-CV-1044, 2022 WL 17843064, at *1 (W.D. Mich. Dec. 22, 2022). So the Court finds that Cassaday is entitled to proceed without prepaying the filing fee and grants his application.

## II.

Cassaday also filed a motion for leave to amend the petition. (ECF No. 5.) Federal Rule of Civil Procedure 15 governs a motion for leave to amend a petition for writ of habeas corpus. *See* 28 U.S.C. § 2242; *Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001). Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within "21 days after serving it." Because the petition has not been served, *see* 28 U.S.C. § 2243, Cassaday does not need the Court's permission to amend it. So the motion is granted, and the Court will consider the additional allegations.

## III.

Promptly after a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief,

it must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (explaining the district court's duty to "screen out" petitions that lack merit on their face); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions).

Cassaday was a pretrial detainee when he filed this petition, and he argues that many of his constitutional rights were violated during the pretrial period. (ECF No. 1, PageID.4–6.) He believes that "no reasonable factfinder would find [him] guilty of the alleged charges" (*id.* at PageID.2–3), and he requests "immediate release" from detention (ECF No. 5, PageID.19). This is, at minimum, the sixth § 2241 petition Cassaday has filed in the last two years. *See Cassaday v. Woods*, No. 1:22-CV-1044, 2022 WL 17843064, at *2 (W.D. Mich. Dec. 22, 2022) (collecting cases and denying Cassaday's "fifth" § 2241 petition for failure to exhaust his claims).

For two reasons, the Court will dismiss Cassaday's petition.

First, pretrial detainees may pursue habeas relief under 28 U.S.C. § 2241 only in "rare and exceptional cases." *Johnson v. Hoy*, 227 U.S. 245, 247 (1913); *see also Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017). And it is "well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution." *White v. Terris*, No. 215-CV-12349, 2015 WL 4617912, at *2 (E.D. Mich. July 31, 2015) (collecting cases). Accordingly, when a federal detainee's habeas claims would be dispositive of pending federal criminal charges, those claims "must be exhausted at

3

trial and on direct appeal before habeas relief is available." *See Sandles v. Hemingway*, 22 F. App'x 557, 557 (6th Cir. 2001).

The petition alleges that "there was no crime committed by Mr. Cassaday" and seeks his "immediate release[.]" (ECF No. 5, PageID.16, 19.) Because these claims would be dispositive of his criminal case, "regular federal criminal proceedings, not habeas corpus proceedings, are the proper place to resolve" them. *Cassaday v. Mendham*, No. 1:22-CV-723, 2022 WL 3655057, at *1 (W.D. Mich. Aug. 25, 2022). As several other courts have explained, Cassaday must "exhaust his challenges in his criminal proceedings" before seeking habeas relief. *See, e.g.*, *Cassaday v. United States*, No. 1:22-CV-242, 2022 WL 896915, at *2 (W.D. Mich. Mar. 28, 2022).

Second, "petitions filed under § 2241 are subject to dismissal if they are successive or abusive." *See Lightbourn v. Joyner*, No. 20-6310, 2021 WL 5767691, at *2 (6th Cir. July 1, 2021) (citing *Dotson v. Kizziah*, 966 F.3d 443, 444–45 (6th Cir. 2020) and *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765–66 (6th Cir. 2008)). "Successive claims are barred unless supplemented with a colorable showing of factual innocence. . . . Abusive petitions raise grounds that were available but not relied upon in a prior petition." *Id.* (internal citations and quotations omitted).

As another court considering one of Cassaday's petitions concluded: "[Cassaday's] repetitive filing of § 2241 petitions is successive in that the petitions appear to raise the same claims again and again. To the extent [Cassaday] is raising new claims, the repetitive filings are abusive." *Cassaday v. Mendham*, No. 1:22-CV-840, 2022 WL 4480640, at *2 (W.D. Mich. Sept. 27, 2022). Because his petitions have

4

repeatedly been dismissed for lack of exhaustion, and because he has not yet exhausted his claims, "no intervening events . . . legitimize" this petition. *See id.*

In sum, Cassaday's failure to exhaust his remedies in his criminal proceeding and his filing of successive and abusive petitions warrant dismissal of this petition without prejudice.

### IV.

For the foregoing reasons, the Court GRANTS Cassaday's application to proceed without prepaying the filing fee (ECF No. 2), GRANTS his motion for leave to amend his petition (ECF No. 5), and DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF Nos. 1, 5.) The remaining motions are DENIED as moot. (ECF Nos. 7–10.) By separate order, the Court will DENY a certificate of appealability. A separate judgment will follow.

SO ORDERED.

Dated: August 2, 2023

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE